**FILED**
**Sep 05, 2024**
**11:25 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Veatrice Booker | ) | Docket No. 2022-07-0638 |
| | ) | |
| v. | ) | State File No. 111982-2019 |
| | ) | |
| US Farathane | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

---

### Affirmed and Certified as Final

---

In this appeal of a compensation order, the employee alleges she retained a permanent impairment as a result of a fall at work and is entitled to permanent partial disability benefits. The employee alleged injuries to her neck, shoulder, and back when she slipped and fell onto a piece of machinery. The employer acknowledged the compensability of the accident and provided a panel of medical providers. Following authorized medical treatment with several providers, a spine specialist released the employee at maximum medical improvement with no permanent medical impairment rating. The employee obtained her own medical examination and sought additional medical care for her neck and treatment for her shoulder. Following an expedited hearing, the court denied the employee's request for medical benefits related to the shoulder, determining the employee was not likely to prevail at trial in proving her shoulder complaints were primarily related to the work injury. However, the court ordered the employer to provide additional medical benefits related to her neck and lumbar spine complaints. Thereafter, the employee returned to the spine specialist, who again released her at maximum medical improvement. At trial, the court determined that the injuries to the employee's neck and back were compensable, entitling her to future reasonable, necessary, and causally-related medical care. However, the trial court determined the employee did not prove that she retained any permanent disability as a result of the work accident and denied her claim for permanent disability benefits. The employee has appealed. After careful consideration of the record, we affirm the trial court's order and certify it as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

1

Veatrice Booker, Brownsville, Tennessee, employee-appellant, pro se

John D. Burleson, Jackson, Tennessee, for the employer-appellee, US Farathane

**Factual and Procedural Background**

Veatrice Booker ("Employee") was working on a production line at a facility operated by US Farathane ("Employer") on November 5, 2019, when she slipped on some oil and fell onto a piece of equipment. She immediately reported pain in her right upper neck, the back of her right shoulder, and the right side of her low back. Employer provided a panel of urgent and primary care clinics, from which Employee selected Physician's Quality Care. Employee began treating with Dr. Peter Gardner on November 11, 2019, at which time she complained about symptoms in her neck, back, and right shoulder. Dr. Gardner prescribed an anti-inflammatory medication and physical therapy, and he assigned work restrictions. When Employee's symptoms did not improve, Dr. Gardner referred Employee to an orthopedist, Dr. Jason Hutchison.

At her initial appointment with Dr. Hutchison on February 17, 2020, Employee reported low back pain. Dr. Hutchison recommended continued physical therapy and prescribed muscle relaxers. Following that appointment, Dr. Hutchison included an addendum to his February 17 office note stating that Employee had previously treated with another doctor in his practice, Dr. David Sickle, in 2019 for left hip pain under her private insurance and that Dr. Hutchison was only treating Employee for "cervical strain and bone bruise of the lumbar spine." At Employee's telehealth appointment in April 2020, due to increased pain complaints and indications of potential radiculopathy following her physical therapy, Dr. Hutchison recommended a lumbar MRI.[1] After reviewing the MRI films from both July 2019 and April 2020, Dr. Hutchison opined that both showed "significant lumbar spondylosis." He further stated Employee's lumbar contusion and cervical strain were resolved but that the "herniation" at L5-S1 "may be a little worse" than indicated in the 2019 MRI. Dr. Hutchison went on to say, "[B]ased upon the MRI I have seen, it is very likely the underlying pathology that was present in July is what predisposed her to undergo the current problem that she has, more so than the fall."

Due to the MRI findings, Dr. Hutchison referred Employee to a spine specialist, Dr. John Brophy, who examined her on April 22, 2020. He also reviewed both MRIs as well as previous medical records and diagnosed Employee with lumbar and cervical/trapezius myofascial pain. However, Dr. Brophy found no indication for surgical treatment and released Employee at maximum medical improvement with no permanent medical impairment or permanent work restrictions.

---

[1] Employee had previously undergone an MRI in July 2019 for her hip complaints during her treatment with Dr. Sickle. Dr. Hutchison specifically indicated he wanted a new MRI in order to compare it to the MRI obtained prior to the work accident.

On April 7, 2021, Employee saw Dr. Samuel Chung for a medical examination at the request of her attorney. Dr. Chung reviewed the radiologist's report from the April 2020 MRI and other medical records and conducted a physical exam. He then assigned an impairment rating of 12% for a lumbar disc injury with radiculopathy. Meanwhile, Employee obtained unauthorized medical treatment under her personal insurance with Dr. Eric Homberg, a pain management specialist in the same practice as Dr. Hutchison.

In May 2022, the parties deposed Dr. Hutchison, Dr. Brophy, and Dr. Chung. Dr. Hutchison testified that he believed the April 2020 MRI of the lumbar spine showed some progression of the herniation at L5-S1, although both scans indicated the presence of spondylosis, or arthritic changes in the back. He did believe that there was some possible nerve root compression at L5-S1, but he noted the symptoms of radiculopathy were subjective in nature. Finally, he deferred to Dr. Brophy as a spine specialist on causation of Employee's back complaints.

Dr. Brophy testified in his deposition that he had compared the July 2019 MRI and the April 2020 MRI "side-by-side" and there was "no change." As such, it was his assessment that there was no anatomical change as a result of the accident. Furthermore, he testified that although the lumbar disc was "abnormal," the abnormality did not result in pressure on the nerve. Consequently, it was his opinion that Employee suffered "subjective soft tissue pain" as a result of her fall at work with no permanent medical impairment and that there was no further treatment indicated other than a home exercise endurance program.

Finally, Dr. Chung was also deposed in May 2022.[2] During cross examination by Employer's counsel, Dr. Chung agreed he had not reviewed either MRI scan in preparing his report. Dr. Chung testified he only reviewed the radiologist's report from the April 2020 MRI, but he reiterated his 12% rating.

On November 22, 2022, Employee's counsel filed a petition for benefit determination seeking permanent disability benefits.[3] Sometime thereafter, Employee's counsel informed Employee he planned to withdraw as her attorney of record, and she attended a January 2023 mediation in a self-represented capacity.[4] Employee then submitted a request for expedited hearing, seeking medical benefits for her shoulder, as

---

[2] The technical record contains only the cross-examination portion of Dr. Chung's deposition, as that is all Employer submitted into evidence at the compensation hearing.

[3] Correspondence in the record indicates that Employee's counsel had previously filed a petition for benefit determination, which was voluntarily dismissed, and that Employee also filed her own petition for benefit determination at some point. Neither document is contained in the record.

[4] Employee's counsel filed a motion to withdraw in March 2023, and the trial court subsequently entered an order granting that motion.

well as continued medical benefits for her neck due to ongoing pain. A hearing was set for August 2023 but was delayed because the issues of medical benefits and compensability had not been certified by the mediator on a dispute certification notice. *See* Tenn. Code Ann. § 50-6-239(b)(1). The parties returned to the mediator, a new dispute certification notice was filed, and the expedited hearing was held on September 14, 2023.

Following the hearing, the court issued an order denying Employee's request for treatment of her shoulder, stating she had not provided sufficient evidence for the court to find she will likely prevail at trial in showing that her need for shoulder treatment arose primarily out of the work injury. The court noted that, other than her initial appointment with Dr. Gardner, there was no indication Employee complained about or sought treatment for her shoulder with the other authorized treating physicians, and she did not discuss her shoulder at her evaluation with Dr. Chung. Furthermore, the court reasoned that although Employee had obtained unauthorized treatment with other physicians, none of those physicians opined that the need for treatment primarily arose out of her reported work injury. However, in that same order, the court did grant Employee's request to return to Dr. Brophy for treatment of her neck and back based on his diagnosis of lumbar and cervical/trapezius myofascial pain and the statement that she could return to him if she did not improve. That order was not appealed.

Employee returned to Dr. Brophy on October 18, 2023, with complaints of lumbar and cervical myofascial pain, at which time he examined her and found no clinical evidence of radiculopathy and no need for further treatment from a workers' compensation standpoint. He indicated, however, that she might want to seek a formal evaluation through her personal insurance to "rule out an occult inflammatory process." Dr. Brophy again released her at maximum medical improvement with no permanent impairment.

The trial court held a compensation hearing on May 15, 2023. In addition to other evidence admitted at trial, the parties stipulated to the admissibility of Dr. Chung's report, and Employee also offered records from Dr. John Janovich, who provided Employee with conservative treatment for cervical and lumbar radiculopathy following her release from Dr. Brophy. Employee also submitted a letter from Dr. Janovich that was partially illegible. The trial court asked for a clearer copy, but Employee did not submit one prior to the trial court's issuance of its compensation order. The trial court denied Employee's request for permanent disability benefits based on its determination Employee had not presented evidence sufficient to rebut the presumption afforded Dr. Brophy's opinion regarding impairment pursuant to Tennessee Code Annotated section 50-6-204(k)(7). It further ruled that Employee was entitled to future reasonable, necessary, and causally-related medical benefits arising from her work injury. Employee has appealed.

4

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2023). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

**Analysis**

On her notice of appeal, Employee challenges the zero percent impairment rating from Dr. Brophy and asserts the court erred in finding she did not retain any permanent partial disability. Thus, the singular issue before us is whether the trial court erred in accepting Dr. Brophy's opinions regarding the lack of permanent medical impairment in light of the 12% impairment rating assigned by Dr. Chung.

In this case, there is no question Employer accepted the work accident as compensable and authorized medical treatment. Following conservative treatment, Employee was referred directly to Dr. Hutchison, an orthopedist. Dr. Hutchison then referred Employee to a neurosurgeon, Dr. Brophy. Pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(A)(ii), an employer has the option to provide a panel of specialists within three days of a referral or can accept the direct referral. *See Rhodes v. Amazon.com, LLC*, No. 2018-01-0439, 2019 TN Wrk. Comp. App. Bd. LEXIS 24, at *14 (Tenn. Workers' Comp. App. Bd. June 11, 2019). Here, once Employer accepted the direct referral to Dr. Brophy, he became an authorized treating physician, and his opinion regarding permanent impairment had a presumption of correctness pursuant to Tennessee Code Annotated section 50-6-204(k)(7). This presumption can be overcome by a preponderance of the evidence. *Id.*

Employee avers the trial court erred in determining Dr. Chung's assigned impairment of 12% did not overcome Dr. Brophy's impairment of zero percent. "When a trial court is presented with conflicting medical testimony it is within the discretion of the trial judge to conclude that the opinion of certain experts should be accepted over that of

other experts and that [the accepted opinion] contains the more probable explanation." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *8 (Tenn. Workers' Comp. Panel Jan. 18, 2018) (internal citations omitted). In this instance, the court reviewed the expert opinions offered by both Dr. Brophy and Dr. Chung. Dr. Chung admitted he did not review either MRI scan from July 2019 or April 2020 in making his assessment and only reviewed the radiologist's report for the second MRI. Moreover, the record contains no expert opinion from Dr. Janovich regarding causation or impairment. Thus, we conclude the trial court did not err in determining Employee failed to overcome the presumption of correctness afforded Dr. Brophy's impairment rating.[5] In short, the preponderance of the evidence supports the trial court's determination on this issue.

Finally, we note that Employee did not file a transcript of the compensation hearing or a statement of the evidence. "Without a transcript or statement of the evidence, we presume that the evidence presented at the hearing supported the findings of the trial court." *Webb v. Blakeford Management Services, Inc.*, No. 2022-06-2036, 2023 TN Wrk. Comp. App. Bd. LEXIS 46, at *7-8 (Tenn. Workers' Comp. App. Bd. Sept. 15, 2023) (citing *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010)). Consequently, we affirm the trial court's denial of permanent partial disability benefits.

## Conclusion

For the foregoing reasons, we affirm the trial court's order in all respects and certify it as final. Costs on appeal are taxed to Employee.

---

[5] In her brief on appeal, Employee argues her termination due to absenteeism was part of the trial court's rationale for the denial of permanent partial disability benefits; however, the trial court's order contains no discussion of the circumstances of Employee's termination or its relevance to the issue of permanent disability.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Veatrice Booker | ) | Docket No. 2022-07-0638 |
| | ) | |
| v. | ) | State File No. 111982-2019 |
| | ) | |
| US Farathane | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 5th day of September, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Veatrice Booker | | | | X | veatrice36@gmail.com |
| John D. Burleson | | | | X | jburleson@raineykizer.com cjordan@raineykizer.com |
| Amber E. Luttrell, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov